UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

v.

KRS CONTRACTORS LLC,

Respondent.

Civil Action No. 19-13887 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Petitioner National Labor Relations Board's (the "NLRB" or the "Board") Motion for Adjudication in Contempt and for other Civil Relief against Respondent KRS Contractors LLC ("KRS"). (ECF No. 8-1.) The Court has carefully considered NLRB's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

**I.     BACKGROUND**

According to the NLRB, KRS is "a limited liability company with places of business in Elizabeth, New Jersey and Linden, New Jersey" operating as "a contractor in the construction industry doing commercial construction." *KRS Contractors LLC*, 367 N.L.R.B. 86 (2019). The Board has previously determined that David Sebastiao ("Sebastiao") is KRS's owner.[1] *Id.* In a February 4, 2019 decision and order, the NLRB made the following findings:

> [on a]bout May 2, 2018, the Respondent, by David Sebastio (or Sebastian), by telephone, (i) informed an employee-applicant that the Respondent does not hire employees who are affiliated with a

---

[1] In its published decision, the NLRB refers to KRS's owner as "David Sebastio (or Sebastian)." *Id.* In the Motion currently before the Court, however, the Board refers to KRS's owner as "David Sebastiao." (Mot. for Contempt ¶ 10, ECF No. 8-1.) The Court, accordingly, refers to KRS's owner as David Sebastiao throughout this Memorandum Order.

1

> union; (ii) interrogated an employee-applicant about the employee-applicant's union affiliation and sympathies; and (iii) required the employee-applicant to provide information not required for other applicants because the employee-applicant was affiliated with and supported the [u]nion.

*Id.* The foregoing actions constituted violations of the National Labor Relations Act, according to the NLRB. *Id.*[2] Accordingly, in crafting a remedy for this alleged violation, the Board ordered KRS to preserve and produce, when ordered, "all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms" of the Board's order. *Id.*

The NLRB represents to the Court that following the Board's February 4, 2019 decision and order, by letter dated February 6, 2019, and by a telephone call to Mr. Sebastiao on March 19, 2019, a Board agent advised KRS of the actions needed to comply with the Board's order. (Feb. 4, 2019 Appl. for Order Enforcing Subpoena Duces Tecum ¶ 6, ECF No. 1 ("Appl. for Order Enforcing Subpoena"); *see also* Feb. 6, 2019 NLRB Correspondence to Sebastiao, Ex. B to Appl. for Order Enforcing Subpoena at *28, ECF No. 1.[3]) The Board reports issuing a subpoena *duces tecum* to KRS on March 20, 2019. (Appl. for Order Enforcing Subpoena ¶ 7.) According to the Board, the subpoena was issued in order to obtain the information it needed to analyze the backpay due because of the violation. (*Id.*) The Board avers that a United Postal Service ("UPS") tracking summary dated March 27, 2019 shows that KRS received the subpoena. (*Id.*; *see also* Ex. C to Appl. for Order Enforcing Subpoena at *42, ECF No. 1.) The Board asserts that while the

---

[2] In its decision and order, the Board noted that KRS "failed to file an answer" in the NLRB proceedings. *Id.*

[3] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2

subpoena required KRS to produce documents on April 3, 2019, (Appl. for Order Enforcing Subpoena ¶ 7), neither KRS nor its agents appeared or produced the required documents, (*id.* ¶ 8). Next, on April 23, 2019, the Board issued another subpoena to KRS. (*Id.* ¶ 9.) Again, the NLRB avers that the UPS tracking summary showed that KRS received the subpoena on April 25, 2019. (*Id.*) The subpoena required KRS to produce the requested documents on May 7, 2019. (*Id.*) Yet again, according to the Board, KRS did not appear or produce the documents as requested. (*Id.* ¶ 10.) Subsequently, the Board's February 4, 2019 order and decision was enforced by an April 26, 2019 judgment of the United States Court of Appeals for the Third Circuit. *NLRB v. KRS Contractors LLC*, No. 19-1564, 2019 WL 4318747, at *1 (3d Cir. Apr. 26, 2019).

To date, according to the Board, KRS has not obeyed the Board's subpoena, (Appl. for Order Enforcing Subpoena ¶ 13), nor has it petitioned the Board to revoke the subpoena following service within the five-day statutory period, (*id.* ¶ 12). On June 17, 2019, the NLRB petitioned this Court for an order directing KRS to show cause as to why it should not be directed to produce the subpoenaed documents. (*See generally id.*) The Court granted that Application and, on July 2, 2019, ordered an agent of KRS to appear before the Court on July 26, 2019 and show cause as requested by the Board. (ECF No. 2.) KRS was also directed to respond to the order in writing. (*Id.*) The NLRB avers that the Order to Show Cause and the Board's initial Application "were served upon Respondent on July 9, 2019 by hand delivery to an adult male at the residence of Respondent's owner David Sebastiao at 813 East Elizabeth Ave, Linden, NJ 07036." (Certif. of Service, ECF No. 3.) On October 7, 2019, after KRS failed to comply with the Court's July 2, 2019 Order, the Court ordered KRS to appear before a Board agent at a Regional Board Office and produce certain documents named in the subpoena *duces tecum* on a date to be determined by the NLRB. (Oct. 7, 2019 Order, ECF No. 5.) The Board has filed a certificate of service indicating

3

that the October 7, 2019 Order was served on KRS at Somerville and Linden addresses on October 10, 2019 via the United States Postal Service ("USPS"). (Certif. of Service, ECF No. 7.) Nevertheless, the Board reports that KRS failed to appear on the October 29, 2020 date for compliance set by the NLRB. (Mot. for Contempt ¶ 7.) The Board then set November 19, 2019 as the new date of compliance for the October 7, 2019 Order. (*Id.* ¶ 9.) Accordingly, on November 7, 2019, the October 7, 2019 Order was again served on KRS, this time by hand to an adult female at KRS's last known address at 3627 Route 22, Somerville, NJ 08876. (Certif. of Service, ECF No. 7.) Once again, the Board represents to the Court that KRS failed to appear as instructed by the Court's October 7, 2019 Order. Nevertheless, the NLRB informs the Court that

> [o]n December 3, 2019 and again on December 17, 2019, an agent of the Region contacted Respondent's owner David Sebastiao (Sebastiao) by telephone and discussed the outstanding subpoenas. Sebastiao confirmed that he had been served with the Court Order and stated that he was meeting with his accountant to gather documents responsive to the subpoena. On December 18, 2019, the Region emailed Sebastiao to notify him of Respondent's failure to comply with the Order, and to demand compliance with the Order by January 10, 2020 or face contempt proceedings.

(Mot. for Contempt ¶¶ 10-11.) Still, the NLRB maintains that by January 10, 2020, KRS had not yet complied with the Court's October 7, 2019 Order to produce the subpoenaed documents. (*Id.* ¶ 12.)

The NLRB informs the Court that in January 2020, the Board continued its efforts to obtain the subpoenaed documents. "On January 22, 2020, the Region, by email and by regular mail, advised KRS to appear at the Regional Office with subpoenaed documents on February 4, 2020, or face contempt proceedings." (*Id.* ¶ 13.) According to the NLRB, Sebastiao subsequently requested "to meet at a location closer to his residence," and the parties agreed that Sebastiao could appear at the Board's office in Newark, New Jersey "to provide sworn testimony and to produce

documents responsive to the subpoena." (*Id.* ¶ 14.) The Board reports that on February 11, 2020, "Sebastiao appeared as requested to provide sworn testimony regarding this matter, but he did not produce documents responsive to the subpoena." (*Id.* ¶ 15.) The NLRB asserts that it again advised KRS to "produce all responsive documents by February 26, 2020, or face contempt proceedings." (*Id.* ¶ 16.) According to the Board, KRS again failed to comply. (*Id.* ¶ 17.)

On April 20, 2020, the Board filed a Motion for Adjudication in Civil Contempt and for other Civil Relief against KRS. (*See generally* Mot. for Contempt.) Next, on April 22, 2020, the Court issued an Order to Show Cause requiring a KRS agent to appear before the Court on June 19, 2020. (Apr. 22, 2020 Order to Show Cause, ECF No. 9.) Following KRS's failure to appear as ordered, the Court issued an Amended Order to Show Cause requiring a KRS agent to appear before the Court on July 16, 2020 and show cause as to why this Court should not issue an order holding KRS in civil contempt. (June 11, 2020 Am. Order to Show Cause, ECF No. 11.) When KRS failed to appear again, the Court issued an Amended Order to Show Cause requiring KRS to file a written response as to why the Court should not issue an order holding KRS in civil contempt. (July 14, 2020 Am. Order to Show Cause, ECF No. 13.) In the same Order, in light of the ongoing COVID-19 pandemic, the Court scheduled an order to show cause hearing for August 14, 2020 to be held via Zoom. (*Id.*) KRS did not appear at the Zoom hearing. (Aug. 14, 2020 Hr'g Minutes, ECF No. 15.) Finally, on August 18, 2020, in light of the fact that KRS had failed to appear at any of the scheduled civil contempt proceedings or to otherwise respond in writing as ordered, the Court again issued an Order requiring KRS to file a written response, or otherwise contact the Court by August 28, 2020. (Aug. 18, 2020 Order, ECF No. 16.) To date, the Court has received no such communication.

On every occasion, KRS failed to comply with the orders of this Court by failing to appear before the Board and, subsequently, before the Court. Following every order issued by this Court, the Board promptly provided certificates of service.[4]

## II.     LEGAL STANDARD

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330-32 (1947)). Civil contempt and criminal contempt sanctions differ in their purpose. Sanctions for criminal contempt are "punitive, to vindicate the authority of the court." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 28 (1994); *see also Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). Sanctions for civil contempt serve to "compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Bagwell*, 512 U.S. at 827. When determining sanctions for civil contempt, a district court may impose a wide range of penalties, including incarceration, fines, or a reimbursement of costs to the complainant. *Ne. Women's Ctr., Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991) ("Indeed, district courts have broad discretion to fashion an appropriate civil contempt remedy."). To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *See Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995) (citing *Roe*, 919 F.2d at 871). These elements must be established by clear and convincing evidence. *Id.* at 1321. "Clear and convincing" evidence is defined as that which "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear,

---

[4] (*See* ECF Nos. 3, 6, 7, 10, 12, 14, 17.)

direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts." *United States v. Bell*, No. 01-2159, 2003 WL 22474723, at *1 (M.D. Pa. Sept. 3, 2003) (quoting *Cruzan ex rel. Cruzan v. Mo. Dept. of Health*, 497 U.S. 261, 285 n.11 (1990)).

### III.    FINDINGS OF FACT & CONCLUSIONS OF LAW

Based on the evidence produced by the NLRB and the Court's involvement with this case, the Court finds by clear and convincing evidence that Respondent KRS Contractors LLC is in civil contempt of this Court. Sanctions, accordingly, will be imposed to compel future compliance with the October 7, 2019 Order.

First, on July 26, 2019, KRS was ordered to appear in person and show cause as to why the administrative subpoenas should not be enforced. (Order to Show Cause, ECF No. 2.) Despite being personally served with an Order to Show Cause to prohibit enforcement of the subpoenas, (Certif. of Service, ECF No. 3), KRS failed to appear as ordered. Second, the Court, accordingly, entered an order on October 7, 2019, requiring KRS to appear before a Board agent of the Region at the Regional Office in order to produce certain documents named in the subpoena *duces tecum*. (ECF No. 5.) KRS, however, failed to comply with this Court Order as well, despite being served with the Order both by USPS and personal service. (ECF No. 7.) Furthermore, the Court finds that KRS almost certainly had knowledge of the October 7, 2019 Order. This knowledge is evinced by the averments of counsel for the Board, who asserts that NLRB staff spoke with KRS's "owner David Sebastiao . . . by telephone and discussed the outstanding subpoenas" on December 3 and 17, 2019. (Mot. for Contempt ¶ 10.) According to the NLRB's moving papers, "Sebastiao confirmed that he had been served with the Court Order and stated that he was meeting with his accountant to gather documents responsive to the subpoena." (*Id.*) Moreover, counsel for the

7

NLRB represents to the Court that Board staff emailed Sebastiao directly on December 18, 2019, warning him that "[i]f you do not provide all records by [January 10, 2020], we will move forward with District Court contempt proceedings, which could result in possible incarceration." (Ex. F to Mot. for Contempt, ECF No. 8-3.)

KRS has been provided ample opportunities to appear before the Court and, alternatively, contact the Court either through written response or by phone. Because KRS has failed to appear or contact the Court regarding this matter after several opportunities were afforded, the Court finds, by clear and convincing evidence, that KRS is in civil contempt of a valid court order. Accordingly, the Court finds that coercive fines and costs are necessary to compel future compliance with the Court's October 7, 2019 Order.

Furthermore, the Court cautions KRS, its agents, and its owners, that if coercive fines and costs prove ineffective in compelling KRS's compliance with the Court's Order, incarceration may be warranted as a means to compel KRS's future compliance. *Tracfone Wireless, Inc.v. LaMarsh*, 307 F.R.D. 173, 176 (W.D. Pa 2015).  Imprisonment, therefore, "for a fixed term, provided that the contemnor has the option of earlier release if he complies[,]" may be imposed as a sanction "if the contemnor fails after a designated period of time to comply with a court's order[.]" *Id*. (citing *Shillitani v. United States*, 384 U.S. 364, 370 n.6 (1966)).  "To purge himself from contempt and thus terminate or avoid confinement, the contemnor need only comply with the contempt order or show by clear and convincing evidence that he is presently unable to comply with it." *Id.* (citing *United States v. Rylander,* 460 U.S. 752, 757 (1983)).

Based on KRS's history of failing to appear before this Court, there will be a thirty-day timeline in which KRS and its owner, David Sebastiao, will have to produce the required documentation requested by the Board's subpoena.  During this time, a coercive fine will be

actively accruing. If KRS fails to comply within that timeframe, Mr. Sebastiao will be ordered to appear immediately before this Court to present evidence of why KRS or he, as KRS's owner, cannot comply with this Order. If, at that time, Mr. Sebastiao fails to appear before the Court or to present such evidence, it will result in his immediate arrest and imprisonment for civil contempt.

Accordingly, **IT IS** on this 9th day of February 2021 **ORDERED** that:

1. The NLRB's Motion for Adjudication in Contempt and for other Civil Relief against Respondent KRS Contractors LLC (ECF No. 8-1) is **GRANTED**.

2. Beginning on, and including, February 16th, 2021, Respondent KRS Contractors LLC shall pay two hundred fifty dollars ($250.00) per day to the Clerk of Court for the United States District Court for the District of New Jersey until such time as KRS complies with the October 7, 2019 order enforcing the NLRB's administrative subpoena. If KRS fails to achieve compliance within thirty (30) days, Mr. Sebastiao shall be ordered to appear immediately before this Court to present evidence of why KRS cannot comply with this Order. If Mr. Sebastiao fails to do so, the Court will order the United States Marshals to take Mr. Sebastiao into custody and to detain him until either he or KRS establishes compliance with the Court's orders in this case.

3. The Board must serve a copy of the Order upon both KRS and Sebastiao by process server by February 15th, 2021.

                                                        **MICHAEL A. SHIPP**
                                                        **UNITED STATES DISTRICT JUDGE**